IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:19-cv-02679-DDD-NYW

DEAN D. HACKBORN,

    Plaintiff,

v.

JEREMIAH HANSEN, in his official capacity,

    Defendant.

## ORDER ACCEPTING AND ADOPTING
## JUDGE WANG'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff Dean Hackborn is a wheelchair-bound prisoner in the custody of the Colorado Department of Corrections. (Doc. 20.) Mr. Hackborn brings two claims against Defendant Jeremiah Hansen, in his official capacity, for monetary damages: (1) discrimination under Title II of the Americans with Disabilities Act and (2) ADA retaliation. (*Id.*) Mr. Hansen filed a motion to dismiss for failure to state a claim, which was referred to Magistrate Judge Wang. (Docs. 35, 36.) Judge Wang *sua sponte* recommended that Mr. Hackborn's claims be dismissed for lack of subject matter jurisdiction based on the doctrine of sovereign immunity. (Doc. 53 at 6, 13.) Alternatively, she recommended dismissal of Mr. Hackborn's claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 22, 26.) Mr. Hackborn filed an "Appeal as not Stating a Claim," which the Court will treat as an objection to Judge Wang's recommendation. (Doc. 55 at 1.) The Court adopts Judge Wang's recommendation and dismisses the case.

- 1 -

## LEGAL STANDARDS

When a timely objection is made to a magistrate judge's report and recommendation, the district court reviews the report and recommendation de novo. 28 U.S.C. § 636(c); Fed. R. Civ. P. 72(b)(3). In the absence of a timely objection, the court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150, 154 (1985)).

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). But the court cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). *Pro se* parties also must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation omitted).

## DISCUSSION

### I.     Standard of Review

Under Federal Rule of Civil Procedure 72(b), objections to a magistrate judge's recommendation must be timely and specific. Construing Mr. Hackborn's appeal liberally, it appears that his primary objection to Judge Wang's report and recommendation is to the dismissal of his two ADA claims under Rule 12(b)(6). (*See* Doc. 55 at 1-2.) There is only one reference to the Fourteenth Amendment in which Mr. Hackborn restates his disability and reiterates that "Mr. Hansen had talked to me and knew of my condition and still, changed policy, yard time, and told me I have no rights." (*Id.* at 3(G).) But the objection contains no mention

of sovereign immunity, subject matter jurisdiction, or Congressional abrogation, which were the bases of Judge Wang's recommendation that the Court dismiss the case for lack of subject matter jurisdiction. Whether Mr. Hackborn's "Appeal as not Stating a claim" actually states any specific objections to Judge Wang's sovereign immunity recommendation is questionable, and the Court likely could apply a deferential standard of review. *See Summers*, supra. But since the question is a purely legal one, and since the result would be the same under any standard, the Court will review the issue de novo.

## II. Analysis

Federal courts are courts of limited jurisdiction. The Eleventh Amendment provides that

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "State sovereign immunity is more than immunity from liability—it actually deprives federal courts of subject-matter jurisdiction." *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2008). Sovereign immunity has not been waived: "Mr. Hansen expressly does not waive any such sovereign immunity defense, and he reserves the right to raise it . . . " (Doc. 35 at 2-3 n.1). *See Lapides v. Bd. of Regents of Univ. Syst. of Georgia*, 535 U.S. 613 (2002); *see also Edelman v. Jordan*, 415 U.S. 651, 673 (1974); *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999). A court can raise sovereign immunity *sua sponte*, but it is not required to do so. *United States es rel Burlaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008). Eleventh Amendment sovereign immunity extends to "arms of the state." *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993) (en banc).

The Tenth Circuit has found that the Colorado Department of Corrections is an "arm of the state." *Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). While Mr. Hackborn's lawsuit is against an individual, Mr. Hansen, it is in Mr. Hansen's official capacity and for monetary damages,[1] so sovereign immunity still applies. *See Wood*, 414 F. App'x at 105 ("Colorado's sovereign immunity deprives us of subject-matter jurisdiction over the claims against the CDOC and the official-capacity claims for retrospective relief against the individual Defendants.").

The next question is whether Congress abrogated sovereign immunity for ADA claims. The Supreme Court held that "insofar as Title II creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159 (10th Cir. 2015). In determining whether a plaintiff may pursue money damages against a state for violations of Title II, a court may consider:

(1) which aspects of the State's alleged conduct violated Title II;
(2) to what extent such misconduct also violated the Fourteenth Amendment; and
(3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Guttman v. Khalsa*, 669 F.3d 1101, 1113 (10th Cir. 2012) (quoting *Georgia*, 546 U.S. at 159).

---

[1] Mr. Hackborn's complaint insists on this point: "under official capacity only" and "Jeremiah Hansen (capton) I ask for 250,000 dollars two hundred and 50 thousand dollars official capacity." (Doc. 20 at 9.)

- 4 -

Mr. Hackborn fails to sufficiently allege conduct that actually violates the Fourteenth Amendment. Nothing in Mr. Hackborn's complaint articulates actions that "demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience-shocking." *Lindsey v. Hyler*, 918 F.3d 1109, 1115-16 (10th Cir. 2019). Nor does Mr. Hackborn allege that he was treated differently from similarly-situated inmates such that he would have asserted an equal protection claim. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216-19 (10th Cir. 2011).

Mr. Hackborn also fails to sufficiently allege misconduct that violated Title II of the ADA. First, he fails to articulate facts supporting a finding that he had to wait in a long line for the canteen and was unable to access the weight pile, library, and chow line *by reason of* his disability. *See Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) ("The final prong of the test requires the plaintiff to present some affirmative evidence that disability was a determining factor in the [defendant's] decision."). Instead, it appears that the policies and circumstances impact all the inmates: the gym was "always full"; Mr. Hackborn had to "wait 1½ hours and hope you could get in library"; and Mr. Hackborn had to wait in a "75 -125" inmates-long line to enter the chow hall. (Doc. 20 at 6.) Second, he fails to sufficiently articulate a causal connection between filing his ADA complaint and being moved to different levels of security and facilities to demonstrate retaliation. *See* 42 U.S.C. § 12203(a); *see also J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016) (explaining that retaliation requires showing "(1) that she engaged in protected activity; (2) that she suffered a materially adverse action by APS either after or contemporaneous with her protected activity; and (3) a causal connection between the protected activity and the adverse action"). After a write up and conversation with Mr. Hansen,

Mr. Hackborn lists several transfers but never asserts that Mr. Hansen directed these transfers (*See* Doc. 20 at 7). *See Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1267 (10th Cir. 2009) ("To establish causation in an ADA retaliation action, however, a plaintiff must also demonstrate that the *individual* who engaged in a materially adverse action knew about the protected activity.").

Judge Wang's conclusion is correct. Sovereign immunity bars this case, which deprives the court of subject matter jurisdiction. *See Leal v. Falk*, 19-cv-01387-PAB-NYW, 2021 WL 1186662, at *4 (D. Colo. March 29, 2021) ("[T]he Court finds no error regarding the magistrate judge's conclusion that the Eleventh Amendment bars plaintiffs' ADA claim against defendants in their official capacity."). The Court must dismiss the case without reaching the merits of Mr. Hackborn's objections to the Rule 12(b)(6) ADA analysis. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F. App'x 1238, 1245 (10th Cir. 2005).

## CONCLUSION

Judge Wang's Recommendation (Doc. 53) to dismiss Plaintiff Dean Hackborn's Third Amended Complaint for lack of subject matter jurisdiction is ACCEPTED and ADOPTED. Defendant Jeremiah Hansen's Motion to Dismiss (Doc. 35) is DENIED AS MOOT.

Mr. Hackborn's Letter Asking for Clarification (Doc. 57) and Letter Requesting Status (Doc. 58) are DENIED AS MOOT.

DATED: February 9, 2022     BY THE COURT:

Hon. Daniel D. Domenico