IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02679-DDD-NYW

DEAN D. HACKBORN,

    Plaintiff,

v.

JEREMIAH HANSEN,

    Defendant.

## ORDER

This matter is before the court on the Motion to Ask for "Sanction" [Doc. 63, filed February 9, 2022] and the Motion for Directed Verdict [Doc. 67, filed February 16, 2022] (collectively, the "Motions" or "Motions for Sanctions"). The court considers the Motions pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated August 7, 2020 [Doc. 28], and the Orders Referring Motion dated February 17, 2022. [Doc. 65; Doc. 68]. The court has reviewed the Motions, the applicable case law, and the entire case file. For the following reasons, the Motions for Sanctions are **DENIED**.[1]

### BACKGROUND

This court has previously set out the background of this case in detail, *see* [Doc. 53], and

---

[1] As set forth in this Order, Mr. Hackborn does not articulate any legal basis for his requests for sanctions. *See generally* [Doc. 63; Doc. 67]. However, the Tenth Circuit has advised that, in the context of a motion for discovery sanctions under Rule 37, "if the magistrate judge does not impose a dispositive sanction," the order "falls under Rule 72(a) rather than Rule 72(b)"—i.e., is considered a non-dispositive order. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). Because Plaintiff does not seek, and the court does not impose, case-dispositive sanctions, the court proceeds by order rather than recommendation. *Cf. Carlson v. Town of Mountain Vill.*, No. 17-cv-02887-PAB-STV, 2019 WL 5819971, at *1 n.1 (D. Colo. Nov. 7, 2019) (proceeding via order when denying non-dispositive motion for sanctions under Rule 11).

does so again here only as necessary for ruling on the instant Motions. Plaintiff Dean D. Hackborn ("Mr. Hackborn" or "Plaintiff") initiated this action by filing a *pro se* Letter on September 18, 2019. *See* [Doc. 1]. Mr. Hackborn filed his Third Amended Complaint on June 4, 2020, alleging various constitutional claims and violations of the Americans with Disabilities Act ("ADA") against various defendants. *See generally* [Doc. 20]. The Honorable Gordon P. Gallagher granted Plaintiff leave to proceed *in forma pauperis*, [Doc. 7], and recommended that only Mr. Hackborn's ADA claims against Defendant Jeremiah Hansen ("Defendant" or "Captain Hansen") proceed. [Doc. 24 at 5-6]. Mr. Hackborn objected to Judge Gallagher's Recommendation on July 24, 2020. *See* [Doc. 25]. The Honorable Lewis T. Babcock overruled Mr. Hackborn's objections, adopted the Judge Gallagher's Recommendation, and drew Mr. Hackborn's ADA claims to the Honorable Daniel D. Domenico, who then referred this matter to the undersigned. *See* [Doc. 26, Doc. 28].

On October 27, 2020, Defendant moved to dismiss the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [Doc. 35]. The Motion to Dismiss was referred to the undersigned Magistrate Judge, *see* [Doc. 36], and on June 14, 2021, this court issued a Recommendation of United States Magistrate Judge recommending that the Motion to Dismiss be granted. [Doc. 53]. In so doing, this court advised the Parties that they could object to the Recommendation within 14 days of service of the document. [*Id.* at 26 n.15]. On June 30, 2021, Mr. Hackborn filed a document titled "Appeal as Not [Stating] a Claim." [Doc. 55]. In this filing, Mr. Hackborn referenced Judge Gallagher's Recommendation to dismiss in part and draw in part and stated, "I will state claims, in a more clear, understanding way." [*Id.* at 1]. Judge Domenico and Defendant construed this filing as Plaintiff's objections to the undersigned's Recommendation. [Doc. 61 at 1]; [Doc. 56].

2

Then, Mr. Hackborn submitted a letter to the court on September 9, 2021, asking why he had not heard anything regarding the status of this case. [Doc. 57]. Mr. Hackborn filed a similar letter on October 21, 2021, asking for the status of his "appeal." [Doc. 58]. On February 9, 2022, Judge Domenico adopted the undersigned's Recommendation, granted the Motion to Dismiss, denied Mr. Hackborn's letters requesting status updates as moot, entered judgment in favor of Defendant against Plaintiff, and terminated this case. [Doc. 61; Doc. 62].

That same day, Plaintiff filed the Motion to Ask for "Sanction." [Doc. 63]. In this Motion, he "ask[s] for the court[] to order [the Colorado Department of Corrections ("DOC")] to pay a fee, as the court see[s] fit." [*Id.* at 1]. While his Motion is not clear, Mr. Hackborn appears to request sanctions against Defendant based on a purported failure to respond to his "appeal"[2] and his September 9, 2021 letter; Plaintiff seeks a fine of "[$]100.00 per day or [$]1000.00 per day," calculated from the dates his filings were docketed. [*Id.* at 1-2]. Additionally, Mr. Hackborn filed the Motion for Directed Verdict on February 16, 2022. [Doc. 67]. In this Motion, Plaintiff states that he "filed [a] motion for appeal 6/30/2021" but that "as of today['s] date I have received no answer from the defendant." [*Id.* at 1]. Mr. Hackborn asks "for a [ruling] on Documents [he] filed – Appeal, that court has in front of [it]. . . . Because Defendant did not give answer in timely manner, as I can see." [*Id.*].

## ANALYSIS

Plaintiff requests that the court (1) order the "DOC" to pay sanctions of $100 or $1,000 per day based on Defendant's purported failure to respond to his objections to the undersigned's Recommendation on the Motion to Dismiss and his September 9, 2021 letter and (2) enter a

---

[2] Defendant did file a response to Plaintiff's objections. *See* [Doc. 56].

"directed verdict" based on the same. *See* [Doc. 63; Doc. 67]. For the reasons set forth below, Mr. Hackborn's requests must be denied.

***Filing Motions in a Closed Case***. First, as a general matter, the Tenth Circuit has indicated that a party may not file motions in a closed case. *Pemberton v. Patton*, 757 F. App'x 689, 691-92 (10th Cir. 2018). Rather, the party must first successfully move to re-open the case under either Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. *Id.*; *see also Kobel v. Lansing Corr. Facility*, No. 13-3088-SAC, 2013 WL 12064535, at *3 (D. Kan. Nov. 12, 2013) ("A party may not file motions in a closed case unless it is has first been reopened."). Courts regularly decline to substantively consider motions filed in a case after the case has been closed. *See, e.g.*, *Garcia v. Waken*, No. 16-cv-01977-PAB-NYW, 2021 WL 4947236, at *3 (D. Colo. Aug. 3, 2021); *Palomarez v. Young*, No. CV 21-00417 WJ/LF, 2021 WL 1784941, at *2 (D.N.M. May 5, 2021); *Center v. United States*, No. 16-cv-102-F, 2017 WL 7520596, at *3 (D. Wyo. Mar. 31, 2017).

Here, it appears that Mr. Hackborn tendered his Motion to Ask for "Sanction" to the CDOC no later than February 6, 2022 [Doc. 63 at 3], and therefore, under the "prison mailbox rule," such Motion would be deemed filed as of that date—three days before Judge Domenico entered judgment and closed the case. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (applying the prison mailbox rule to a state prisoner's filing of a § 1983 civil rights complaint). It is not entirely clear when Plaintiff tendered his Motion for Directed Verdict that was docketed on February 16, 2022 [Doc. 67], but Mr. Hackborn also filed a "Motion/Objection" on February 16, 2022. [Doc. 66].[3] The Motion/Objection appears to have been tendered to CDOC for mailing on February 13, 2022, [*id.* at 2]—after Judge Domenico entered judgment – and it seems likely that the Motion for Directed Verdict was included in that same envelope. Here, Mr. Hackborn has not

---

[3] The Motion/Objection has not been referred to this court, and this court also notes that it does not appear that the Motion/Objection substantively seeks any relief. *See generally* [Doc. 66].

filed a motion for relief from judgment under Rule 59(e) or Rule 60(b) and this case remains closed. Despite the fact that Plaintiff cannot seek relief in a closed case, due to the ambiguity, this court proceeds substantively considering his requests.

*The Relief Sought*. Upon review of the Motions, the court concludes that Mr. Hackborn has provided no basis for the court to grant the relief he seeks. First, Mr. Hackborn has not articulated any legal basis for his requested relief. *See* [Doc. 63; Doc. 67]. While Rules 11 and 37 of the Federal Rules of Civil Procedure permit the court to award sanctions for certain conduct, there does not appear to be any proper basis for sanctions here. Rule 37 "addresses sanctions for discovery violations. None of the alleged wrongdoing involved a discovery request or discovery order. Thus, Rule 37 would not support sanctions." *Stephens v. Jones*, No. CIV-10-166-D, 2011 WL 4588909, at *1 (W.D. Okla. June 3, 2011), *report and recommendation adopted*, 2011 WL 4578437 (W.D. Okla. Sept. 30, 2011). Meanwhile, Rule 11 permits sanctions "only if the proponent sends the proposed motion to the adversary and gives him 21 days to withdraw or correct the problematic document." *Id.* There is no indication in either Motion that Mr. Hackborn did so here. [Doc. 63; Doc. 67]. Finally, although the court has the "inherent authority" to impose sanctions against an attorney who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Hutchinson v. Pfeil*, 208 F.3d 1180, 1186 (10th Cir. 2000) (quotation omitted), the court does not find that Defendant engaged in such conduct here.

Indeed, Mr. Hackborn has not articulated a factual basis for imposing sanctions—whether monetary or in the form of a "directed verdict"—because Mr. Hackborn has not identified any sanctionable conduct. Contrary to Mr. Hackborn's assertions, Defendant did respond to his objections, i.e., his "appeal" of the undersigned's Recommendation. *See* [Doc. 56]. Even so, there is no requirement under the Federal Rules of Civil Procedure nor the Local Rules that a party

5

respond to objections or to a motion filed by an opposing party, absent a court order. *See* Fed. R. Civ. P. 72(b)(2) ("A party **may** respond to another party's objections within 14 days after being served with a copy.") (emphasis added); *see also Blundell v. Elliott*, No. 1:20-cv-00143-RJS-DBP, 2021 WL 4473426, at *5 (D. Utah Sept. 30, 2021) ("Blundell timely filed an Objection to Judge Pead's Report.  County Defendants did not file a response to Blundell's Objection, nor were they required to."); *Moudy v. Raemisch*, No. 17-cv-02402-RBJ-KLM, 2018 WL 3359551, at *2 (D. Colo. July 10, 2018) (a party is not required to file a response to an opposing party's motion, and the lack of a response does not provide a basis to grant the motion).  The failure to identify sanctionable conduct is a sufficient basis to deny a motion seeking sanctions. *Witt v. Snider*, No. 16-cv-01303-MSK-CBS, 2017 WL 7362785, at *3 (D. Colo. Oct. 20, 2017); *Little v. Mannas*, No. CIV-19-0306-JH, 2020 WL 12814739, at *1 (E.D. Okla. May 26, 2020).  Because Mr. Hackborn has not articulated any factual or legal basis for his Motions, the court will **DENY** the Motions.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1)     The Motion to Ask for "Sanction" [Doc. 63] is **DENIED**;

(2)     The Motion for Directed Verdict [Doc. 67] is **DENIED**;[4]

---

[4] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision.  <u>While this matter is not a pretrial matter, as Plaintiff's claims have been dismissed</u>, within fourteen (14) days after service of a copy of this Minute Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).  Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

(3)     Plaintiff is hereby **ADVISED** that, because this case is closed, there is no basis for filing additional motions in this case without first successfully moving to re-open this matter; and

(4)     A copy of this Order, marked as legal mail, shall be sent to:

Dean D. Hackborn, #130945
Arrowhead Correctional Center
P.O. Box 300
Canon City, CO 81215

and

Case Manager for Dean D. Hackborn, #130945
Arrowhead Correctional Center
P.O. Box 300
Canon City, CO 81215

DATED: February 23, 2022

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge